UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20859-CR-RS

UNITED STATES OF AMERICA

vs.

IGOR GRUSHKO
DENIS GRUSHKO

    Defendants.

_____/

## DEFENDANTS' OPPOSED MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICTS

  COME NOW, the Defendants, IGOR GRUSHKO and DENIS GRUSHKO, by and through their respective undersigned Court appointed attorneys and hereby file their instant Motion for Judgment of Acquittal Notwithstanding the Verdicts, pursuant to Rule 29(c), Federal Rules of Criminal Procedure, and as grounds states the following:

  1.  The instant case was tried before a jury beginning on October 28, 2019 and concluding with guilty verdicts on both Defendants on all counts on October 31, 2019. Defendant Igor Grushko  was found on Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the Superseding Indictment.   Defendant Denis Grushko was found on Counts 1, 4, 5, 6, 7, 8, and 9 of the Superseding Indictment.

  2.  Pursuant to Rule 29(c) of Federal Rules of Criminal Procedure the Defendants are permitted to renew their motion for judgement of acquittal within 14 days of an adverse verdict. This Court did enter an Order extending the time for filing the instant motion and other post-trial motions up to and including November 27, 2019.  Thus, the instant motion is being timely filed.

3.      The evidence presented by the Government during the trial of Defendants Igor Grushko and Denis Grushko was such that it was insufficient to sustain the convictions when the evidence is viewed in the light most favorable to the Government.

4.      The evidence in the trial was such that a reasonable trier of fact could <u>not</u> find that the evidence proved guilt beyond a reasonable doubt as to Defendant Igor Grushko or Denis Grushko on any of the Counts for which they were found guilty.

5.      The evidence presented at trial was not only insufficient to establish the Defendants guilty on any of the Counts, but also was riddled with significant lacks of evidence giving rise to reasonable doubt.  Undersigned counsel respectfully incorporate by reference the comments made by undersigned counsel in their closing argument in the instant case.

6.      The Government's case failed to establish an in court identification of the Defendants as being the perpetrators of the criminal acts/criminal conduct on which the aforementioned counts of the Superseding Indictment were based.  This fatal lack of identification in Court, further justifies and warrants that this Court grant the instant motion for acquittal.

7.      The significant lack of evidence that undermined and made unreliable and insufficient the evidence presented by the Government during the trial included but was not limited to the following:

a. No DNA evidence on any of the physical evidence that was seized in the investigation of this case and was introduced into evidence;

b. No evidence whatsoever to establish who entered or who deleted data in and from the various computers and electronic storage devices that were introduced into evidence in the instant case and upon which expert testimony was based;

c. No evidence as to when said data was entered into the computer and computerized storage devices and when data was deleted from said devices;

d. No evidence to establish that the Defendants actually utilized and operated the computers and the electronic storage/computer devices that were introduced into evidence;

e. No text message evidence was presented that in any way implicated the Defendants

f. No cell site/tower evidence or records were presented by the Government to place the Defendants at the Target stores in question in the instant case;

g. No testimony from any Target store employees that were involved with any of the transactions in question at the Target stores in the instant case. Thus, no Target store employee testified about any of the transactions in question that allegedly occurred at the Target store.  Thus, no Target employee identified the Defendants as being the individuals responsible for the Target store transactions in question.

8. Federal Rule of Criminal Procedure 29(c), which governs motions for judgment of acquittal after a jury verdict, "tests the sufficiency of the evidence against a defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." *United States v. Collantes*, No. 19-21028, 2011 WL 2784266, at *4 (S.D. Fla. Jul. 13, 2011) (citation omitted). Under Rule 29(c), a "district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1073, 1079 (11th Cir. 2000). The district court must resolve any conflicts in the evidence in favor of the government and must accept all reasonable inferences that tend to support the government's case. *Collantes*, 2011 WL 2784266, at *4. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion but guilt, "provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Ward*, 197 F.3d at 1079 (citation omitted). Instead, a court must inquire whether, "after viewing the evidence in the light most favorable to the prosecution,

3

would any rational trier of fact have found all the essential elements of the crime beyond a reasonable doubt." *United States v. Lopez*, 403 F. App'x 362, 371 (11th Cir. 2010).

9.     When deciding a post-trial motion for judgment of acquittal the district court must determine whether, viewing the evidence in the light most favorable to the government and drawing reasonable inferences in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *Unites States v. Williams*, 390 F.3d 1319 (11th Cir. 2004).

10.     **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9:**
Undersigned counsel have conferred with AUSA Kiran N. Bhat who advises that the Government opposes the instant motion.

WHEREFORE, Defendants Igor Grushko and Denis Grushko and their respective undersigned counsel request that this Court enter an order vacating the convictions of the Defendants in this case and entering an order of Judgment of Acquittal on all of the aforementioned Counts as to Defendants Igor Grushko and Denis Grushko.

Respectfully submitted,

BILL CLAY, P.A. II
Attorney for Defendant Denis Grushko
11440 N. Kendall Drive, #400
Miami, FL   33176
(305) 595-0866/phone
(305) 595-9732/fax
bill@billclaypa.com

*William A. Clay*
William A. Clay, Esq.
Florida Bar No. 155102

Jonathan S. Friedman, P.A.
ATTORNEY FOR DEFENDANT IGOR GRUSHKO
ONE EAST BROWARD BLVD.
SUITE 925
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 713-2820
FACSIMILE: (954) 713-2894

/S/ Jonathan S. Friedman
JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 973297

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 26, 2019, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, AUSA, United States Attorney Office- Southern District of Florida and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

*/S/ Jonathan S. Friedman*
Jonathan S. Friedman, Esq.

/s/    *William A. Clay*
William A. Clay, Esq.